The BALTIMORE AND OHIO RAIL-
ROAD COMPANY

v.

UNITED STATES.

Nos. 130–56, 131–56, 91–57.

United States Court of Claims.

Jan. 15, 1958.

Eugene E. Hunt, Baltimore, Md., for plaintiff. A. P. Donadio, Baltimore, Md., was on the briefs.

Pauline B. Heller, Washington, D. C., with whom was Asst. Atty. Gen. George Cochran Doub, for defendant. Paris T. Houston, Washington, D. C., was on the briefs.

MADDEN, Judge.

The plaintiff sues for freight charges which it claims to have earned in carrying goods for the Government. It says that the Government, instead of paying the charges, set them off against alleged overpayments made by the Government to the plaintiff for freight carried by the plaintiff for the Commodity Credit Corporation.

The plaintiff has alleged that the asserted overpayments are "not a proper obligation of the plaintiff."

Pursuant to the court's Memorandum Order as to Procedure in Com-

mon Carrier Cases (March 11, 1953), which now appears as Appendix B to the rules of this court as revised December 2, 1957, 28 U.S.C.A. the plaintiff has also filed statements of fact for admission in each of the three cases, along with detailed schedules showing the carrier's bills covering the goods transported for the Commodity Credit Corporation and the amounts which the Government has deducted from the current bills sued upon by the plaintiff by reason of the alleged overpayments on the Commodity Credit Corporation shipments. In its statements of fact for admission, the plaintiff contends that the Government's right to offset such overpayments against the carrier's bill for charges made for subsequent shipments was barred by a time limitation provision contained in the act chartering the Commodity Credit Corporation as a Federal corporation. 15 U.S.C.A. § 714b(c). The Government says correctly that our decision in Union Pacific Railroad Co. v. United States, 147 F.Supp. 483, 137 Ct.Cl. 267, certiorari denied 353 U.S. 950, 77 S.Ct. 861, 1 L.Ed. 2d 858, shows that the Government is not barred by the statute of limitations from administratively offsetting overcharges paid on Commodity Credit Corporation shipments against current freight bills sued upon by the same carrier, even though the overcharges were paid more than six years before the offset was made.

■ Under the authority conferred by the memorandum order, the commissioner of this court to whom these cases were assigned for trial postponed the filing of the defendant's responses to the plaintiff's statements of fact for admission until the motions for summary judgments had been acted upon by the court, and this action automatically deferred the filing of the defendant's answers or other pleadings. In its objections to the defendant's motions and in the plaintiff's supplemental memoranda in support of such objections, the plaintiff has taken the position that no issue with respect to the shipments made for the Commodity Credit Corporation is before the court, and that it is encumbent upon the defendant to file counterclaims in these cases and assume the burden of proving the validity of the offsets made by the Government. An identical contention made by a carrier in a similar suit has just been rejected by the Supreme Court in United States v. New York, New Haven & Hartford Railroad Company, 355 U.S. 253, 78 S.Ct. 212, 2 L.Ed.2d 247. In that case, the carrier sued on a bill for transportation services performed in 1950, and the Government pleaded payment partly in cash and partly by offsetting overcharges made on the carrier's 1944 bills for transportation services. The Supreme Court there held that where the Government has exercised its right under section 322 of the Transportation Act of 1940 (49 U.S.C.A. § 66) to collect overcharges paid on prior Government shipments from bills submitted by the carrier for later shipments, the burden of proof is upon the carrier to establish the lawfulness of the charges which the Government recovered by offsetting them against later bills, even though the carrier bases its suit on the current bills against which the offset was made. The court said that in such a situation "the true dispute between the parties, arising from the determination and collection of the overpayments as authorized by section 322, involves the lawfulness of the 1944 bills. It is the substance, not the form, which should be our concern."

■ It is true, as the plaintiff has pointed out, that there is nothing in our memorandum order which relieves the defendant from filing its answer in these cases where any genuine dispute exists as to the validity of the offsets made by the Government. While a counterclaim would not be appropriate in the present action, we think there is nothing in the decision of the Supreme Court which would relieve the defendant from filing a counterclaim in those actions where it seeks recovery of an amount against the carrier in addition to the amount it has set off against the carrier's subsequent bills. And, of course, where there is any

genuine issue as to the lawfulness of the deductions made by the Government, its administrative determination of overpayment is not binding in a judicial proceeding.

■ It does not appear that the plaintiff has challenged the validity of the offsets, except by its plea of limitations. However the plaintiff has requested leave to amend its pleadings if the court determines that it must sue on the Commodity Credit Corporation shipments. In view of this request and the newness of the Supreme Court decision, the plaintiff may have 30 days within which to file amended petitions, alleging, if it so desires, the lawfulness of the charges it collected on the Commodity Credit Corporation shipments and raising issues as to the validity of the offsets on grounds other than that they are barred by the statute of limitations.

■ In the light of the action taken by the Supreme Court in the New York, New Haven & Hartford case, we think the preferable procedure in actions brought by common carriers for the recovery of transportation charges is for the plaintiff to allege in its petition the facts relating to the prior shipments out of which the real dispute arises and the lawfulness of the charges which were paid for such transportation services. Such procedure is desirable whether the suit be brought on the deductions themselves or on the current bills from which the deductions were made by the Government. As we have many times held, the cause of action does not accrue until the date the deductions are made. The allegations of the lawfulness of the charges

paid on the disputed shipments should be supported in the plaintiff's statement of facts for admission and accompanying schedules by reference to the tariffs or other authority relied upon by the plaintiff in assessing and collecting the charges on the disputed shipments. Our memorandum order was issued for the purpose of achieving this result and of bringing to light the real issue in these cases at the time the suit is filed.

It follows from what we have said that the defendant's motions for summary judgments, to the extent that they ask for an adjudication that the Government is entitled to administratively offset overcharges on Commodity Credit Corporation shipments against the freight bills sued upon by the plaintiff, even though the overcharges were paid more than six years before the offset was made, are granted.

If the plaintiff files amended petitions within the time stated above, the commissioner of this court to whom these cases are assigned shall proceed in accordance with this opinion, the rules of the court, and the memorandum order to ascertain the facts from the evidence and file a report of his findings. If such amended petitions are not filed within the time fixed above, the plaintiff's petitions will be dismissed.

It is so ordered.

JONES, Chief Judge, and WHITAKER and LITTLETON, Judges, concur.

LARAMORE, Judge, took no part in the consideration and decision of this case.